**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| NICHOLAS J. SILVIDIO, | : | |
| Debtor | : | Bky. No. 19-17756 ELF |

**ORDER DISMISSING CHAPTER 13 CASE AND SETTING DEADLINE FOR**
**APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

**AND NOW**, upon consideration of the Motion to Dismiss Case filed by William C. Miller, Standing Trustee ("the Trustee"), and after notice and hearing, it is hereby **ORDERED** that:

1. This chapter 13 bankruptcy case is **DISMISSED**.

2. Any wage orders previously entered are **VACATED**.

3. Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case. All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

4. All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within fourteen (14) days of the entry of this Order.

5. **Promptly after the expiration of the response period for any application authorized by Paragraph 4 above, Counsel for the Debtor shall file either**:

    (a) a Certification of No Response confirming that neither an objection to the proposed compensation nor an application for administrative expense has been filed; or

    (b) a Certification that an objection or an application has been filed (after which the Clerk shall schedule a hearing on all such applications).

6. If no Certification, as required above in Paragraph 5 has been entered on the docket within sixty-three (63) days of the entry of this Order, then the Standing Trustee shall: (a) if any applications for administrative expenses other than Debtor(s)' Counsel's have been filed, request a hearing thereon or (b) if no such applications have been filed, return the undistributed chapter 13 plan payments in his possession to Debtor(s) pursuant to 11 U.S.C. §1326(a)(2).

**Date: September 1, 2020**

_____
ERIC L. FRANK
U.S. BANKRUPTCY JUDGE